IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CT-3260-FL

| | | |
|---|---|---|
| DARNELL YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| AMERICAN SOCIETY OF CRIME LABORATORY DIRECTORS and JOHN H. WATTERS, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a Missouri state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. Also before the court is plaintiff's petition for an audit (DE 12) and motion for an audit (DE 15). The issues raised are ripe for adjudication.

Plaintiff's complaint is not a model of clarity. Plaintiff names the American Society of Crime Laboratory Directors and attorney John H. Watters ("Watters") as defendants in this action. Beginning with defendant Watters, Watters is not a proper party because, as a private attorney, he is not a state actor. See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (stating that "private conduct, no matter how discriminatory or wrongful" is not actionable under § 1983); Fleming v. Arbill, 42 F.3d 886, 890 (4th Cir. 1994) ("Private lawyers do not act 'under color of state law' merely by making use of the state's court system."). Thus, plaintiff's action against Watters is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's claim against the remaining defendant, the American Society of Crime Laboratory Directors, is unclear. To the extent plaintiff seeks to hold the American Society of Crime

Laboratory Directors liable for conspiring with an employee of the Missouri forensic laboratory which conducted DNA testing on materials used in plaintiff's criminal action, plaintiff fails to state a claim. To state a civil conspiracy claim, a plaintiff must plausibly allege "that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy that resulted in [the] deprivation of a constitutional right." Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). Conclusory allegations of a conspiracy do not demonstrate the "meeting of the minds" element and therefore fail to state a claim. See, e.g., Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995). Here, plaintiff fails to plausibly allege a "meeting of the minds" between any of the named defendants. Cf. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). Thus, plaintiff fails to state a claim for civil conspiracy.

To the extent plaintiff seeks an order compelling an audit of the American Society of Crime Laboratory Directors, plaintiff again fails to state a claim. "To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Plaintiff does not have a constitutional right to initiate an audit of an agency. Thus, such claim is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). For the same reasons, plaintiff's motions seeking a court order for an audit are DENIED.

Finally, plaintiff states in his complaint that he "has a constitutional right to evidence that was introduced at his trial, so he can have DNA testing conducted . . . ." (Compl. p. 12). In an abundance of caution, the court construes this claim as one pursuant to the United States Supreme Court's decision in Skinner v. Switzer, 562 U.S. 521 (2011). (Compl. p. 12). Congress enacted

28 U.S.C. § 1391, which provides the statutory framework for determining proper venue. Subsection (b) applies to actions where jurisdiction is not premised solely on diversity of citizenship. This subsection provides that such actions may "be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

The District of Missouri is the judicial district in which the cause of action originally arose. Therefore, venue is proper in that district. See 28 U.S.C. § 1391(b). The court may transfer this case to the appropriate venue. See 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Therefore, in the interest of justice, the court hereby ORDERS the clerk of court to TRANSFER the remainder of plaintiff's action to the United States District Court for the Eastern District of Missouri, where venue is proper.

For the foregoing reasons, the court orders as follows:

1) Plaintiff's motions for an audit (DE 12, 15) are DENIED;

2) Plaintiff's action against defendant Watters is DISMISSED;

3) All claims, with the exception of plaintiff's Switzer claim, are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

3

4)       The clerk is DIRECTED to transfer plaintiff's remaining <u>Switzer</u> claim to the United States District Court for the Eastern District of Missouri.

SO ORDERED, this the 8th day of June, 2017.

                                                                    _____
                                                                    LOUISE W. FLANAGAN
                                                                    United States District Judge